MARKOWSKI, A TAXPAYER *v.* BACKSTROM, CITY MANAGER, ET AL.

(No. 201133.  Decided February 23, 1967.)

Common Pleas Court, Lucas County.

*Mr. Loren G. Ishler,* for petitioner Steven L. Markowski, a taxpayer.

*Mr. John J. Burkhart* and *Mr. Frank T. Pizza,* assistant directors of the Law Department of the city of Toledo, Ohio, for Frank H. Backstrom, city manager, et al.

*Mr. Merritt W. Green II* and *Mr. Gerald B. Lackey,* for the intervening party, Local No. 7 of the UAW-CIO City and County Employees.

*Mr. Jack Gallon,* for the intervening party, Local No. 20, Teamsters and Chauffeurs International Union.

CONNORS, J. Steven L. Markowski, a member of the bar, and a taxpayer and owner of realty in the city of Toledo, Ohio, made a written request on the law director of the city of Toledo on August 29, 1966, demanding that the law director institute an action to restrain the misapplication of public funds of the city of Toledo, Ohio, and to restrain the abuse of its corporate powers; said demand was refused by the law department, and thereafter the taxpayer brought this action in his own name for and on behalf of the city of Toledo, Ohio.

Mr. Markowski's petition alleged that on or about August 2, 1966, certain civilian employees of the city of Toledo did strike, in that they abstained in whole or in part from the performance of their duties as public employees for the purpose of inducing, influencing and coercing a change in compensation for employment for the city of Toledo, Ohio, and that they remained absent from their duties until August 4, 1966, and returned only upon being promised an increase in annual salary.

Petitioner further said that pursuant to said promise the City Council of Toledo on August 8, 1966, passed as an emergency measure an ordinance which, in effect, granted an increase in salary to, among others, those persons who had allegedly been on strike.

Petitioner further said that Sections 4117.01 thru and including 4117.05 of the Ohio Revised Code, popularly known as the Ferguson Act, were in full force and effect at the time and continue in force. Said sections provide as follows:

(Read Ferguson Act)

The petitioner seeks an order from this court, both of a temporary and permanent nature, enjoining the named defendants, as elected and appointed officials of the city of Toledo, Ohio, from disbursing to the employees involved in the alleged strike of August 2-4, 1966, the emoluments granted to all city employees by the enactment of Ordinance 624-66, further to restrain the defendant, Frank Backstrom, as city manager, from appointing, reappointing, employing or re-employing those employees who were allegedly on strike.

As his authority for seeking the relief prayed for, plaintiff relies on Sections 4117.01 thru 4117.05, Revised Code, the so-called Ferguson Act.

Section 4117.01, Revised Code, is definitive. Subsection (a)

defines in very careful language what a "strike" means, while sub-section (b) defines a "public employee." Section 4117.02 forbids the authorization or consent by any authority of a strike. Section 4117.03 provides for appointment, reappointment, employment or re-employment of a public employee previously determined to have been in violation of Section 4117.02, only upon certain limiting conditions. Section 4117.04 sets forth a course of conduct which, if indulged in by the public employee, places him in the classification of a striker and provides for a means of appeal to the employer. Section 4117.05 provides, in effect, the penalty, if Section 4117.03, which provides for reinstatement under certain conditions is not brought into play, and is somewhat redundant.

This court heard oral arguments of counsel on the petition for a temporary injunction on September 16, 1966, and issued its order forthwith denying petitioner's motion upon the uncontroverted evidence that the defendant-employer, had not complied with the mandatory requirement in Section 4117.04 which provides that a notice that he is considered to be on strike be sent to such employee by his superior.

The defendants filed, thru the City Law Department, on October 28, 1966, what amounts to a general denial to plaintiff's pettion.

No evidence having come to the attention of the court of a contrary nature upon submission of the question, relating to the alleged strike on August 4 through 6, 1966, the order of September 16, 1966, is reaffirmed; the petitioner's prayer for a permanent injunction is, for the same reason, denied.

On January 6, 1967, the petitioner filed a supplemental petition in Cause No. 201133 in which he asserted that since the date of the filing of the petition herein, and most specifically, on December 27, 1966, the civilian employees of the city of Toledo, namely the members of Local No. 7 of the UAW-CIO City and County Employees, and the members of the Teamsters Union who were employed by the city of Toledo, abstained in whole or in part from the full, faithful and proper performance of their duties as public civilian employees for the purpose of inducing, influencing, or coercing a change in the compensation for the services, and that said employees did so fail to perform their service in whole or in part until December 30, 1966; and, as they

did on August 8, 1966, the defendants in their official capacity intend to increase the wages and compensation of these employees who were allegedly on strike on December 27, 28 and 29, 1966, all contrary to the statute (Sections 4117.01 through 4117.05, Revised Code).

Petitioner prays the court for both a temporary and a permanent injunction restraining the defendants from allocating funds for or paying any increase in compensation to those civilian employees who were allegedly "on strike" on December 27, 28 or 29, 1966, for one (1) year after the striking employee or employees were appointed, reappointed, employed or re-employed. Plaintiff further prayed for an allowance for attorney fees and costs of suit.

The relief prayed for by way of new matter set forth in the supplemental petition must be considered, in view of the circumstances and events which occurred in the city of Toledo, Ohio, on December 27, 28 and 29, 1966, and in view of the action taken thereafter by the employer city of Toledo, in a somewhat different light than the events of the August 2 through 4, 1966 incident complained of by petitioner in his original petition.

It is interesting to note that the parties named defendant herein, through one of their number, Frank Backstrom, acting in his official capacity as city manager, for and on behalf of the city of Toledo, Ohio, filed a petition, known as Cause No. 201689, with this same court on December 28, 1966, together with a motion for a temporary restraining order, a motion for a temporary injunction, and a permanent injunction against the Toledo City Employees' Union Local No. 7, its officers, and all of its members, and Public Employees District Council No. 46. The petition and relief sought complained of an alleged strike by the defendants against the city of Toledo, Ohio, by certain of its employees. This court heard oral argument on plaintiff's motion for a temporary injunction on the morning the petition was filed, and forthwith granted plaintiff's motion for a temporary injunction as prayed for, restraining the defendant-member of Local 7 and Public Employees District Council No. 46 from striking, and further ordering the officers of Local 7 to issue an order upon the members of Local 7 to cease picketing and to return to work. The officers of Local 7 complied with the order of the court in that they ordered the members of their union to cease striking and to return to work on December 30,

1966, after a number of persons were arrested on picket lines and charged with being contemptuous of the order of this court requiring them to cease picketing. Hearings are set on the contempt proceedings in Cause No. 201689 before this court commencing on March 3, 1967. The motion for a permanent injunction is still pending in this particular cause.

Following the filing of Cause No. 201689, the granting of a temporary injunction, and the arrest of several of the alleged strikers, the plaintiff in that cause of action, the employer-city of Toledo under date of December 29, 1966, sent out notices pursuant to Section 4117.04, Revised Code, to some 350 employees notifying them that they were considered to be on strike, defining the statutory definition of a strike, setting forth the possible penalty under Section 4117.03, Revised Code, and pointing out that each employee could, by timely written request, establish that he or she had not violated the provisions of Sections 4117.01 through 4117.05, Revised Code.

At this point, that of notification to the employee (mandatory under the statute), that he or she was considered to be on strike, the provisions of Sections 4117.01 through 4117.05, Revised Code, known as the Ferguson Act, came into operation: Section 4117.04, Revised Code, which provides in part as follows, "* * * provided that notice that he is on strike shall be sent to such employee by his superior by mail addressed to his residence as set forth in his employment record." It is abundantly clear that Sections 4117.01 through 4117.05, Revised Code, are not self-executing, but because of the use of the mandatory word *shall,* and not the use of the permissive word *may,* require that the employer institute the proceedings by sending a notice to the employee.

On January 20, 1967, one Russell King, on behalf of himself and other employees of the city of Toledo similarly situated, filed a motion with this court to become parties defendant, alleging an interest in the subject matter of this action adverse to the plaintiff herein, in order to protect such interest. Said motion was forthwith granted and said parties are before the court.

No further pleadings were filed in this matter.

This court did on January 26 and 27, 1967, conduct exhaustive hearings on plaintiff's motions, and on February 14, 1967, the hearing was concluded. At the conclusion thereof, 25 ex-

hibits having been admitted into evidence, the court having received exhibits identified as newsreel films subpoenaed from the two local television stations, and certain written stipulation having been filed, this matter was submitted by agreement of counsel for all parties for a decision.

For reasons best known only to themselves, the defendant-city officials herein and the intervening party, Russell King and the civilian employees similarly situated with him, have not at any time during these proceedings raised the issue of the constitutionality of Sections 4117.01 through 4117.05, Revised Code, and the court is not called upon to decide that question. Generally, courts do not make hypothetical adjudications in absence of a genuine justiciable controversy.

On December 19, 1966, the city Council of Toledo, Ohio, passed an ordinance granting an across the board salary increase to employees of the city of Toledo, Ohio, exclusive of the members of the police and fire departments, who had amiably entered into a contract with the city some months prior thereto. The effective date of the ordinance, and hence the pay increase, was to be January 1, 1967. Petitioner seeks an order restraining the defendants from paying any salary increases to those workers who absented themselves from work on December 27, 28 and 29, 1966, and who are sought to be declared to be in violation of the so-called Ferguson Act.

A reading of the minutes of the meetings of the city Council of Toledo, held on December 19, 1966 and December 28, 1966, makes it abundantly clear that the members of Public Employees Local 7, through their spokesman, Mr. Charles Hendricks, were dissatisfied with the proposed wages increase as it would affect them and, in effect, told the council that it would answer to the citizens of Toledo for any inconvenience should the members of his local absent themselves from their jobs.

The first issue for this court to decide is whether or not certain employees of the city of Toledo, were on "strike," as defined in Section 4117.01, Revised Code. The sworn testimony adduced at the hearing in Cause No. 201689, in which the defendant-Backstrom herein is the plaintiff, on which testimony a temporary injunction against the defendant-employees herein was granted, the newsreel films subpoenaed and viewed in this matter, the court's personal view of pickets, the wording imprinted on the placards carried by the intervening defendants

demanding "equal treatment," the refusal to work, the refusal to cease picketing in defiance of an order of this court, and the subsequent arrests, the refusal to permit willing employees to perform this function, all amount to a course of actual conduct and purpose which can be interpreted only as conduct and purpose spelled out in Section 4117.01(a), Revised Code. There is no question but what the defendant-employees were public employees within the purview of Section 4117.01(b), Revised Code.

Section 4117.04, Revised Code, provides that any public employee who, without the approval of his superior, unlawfully fails to report for duty, absents himself from his position, or abstains in whole or in part from full, faithful, and proper performance of his position for the purpose of inducing, influencing, or coercing a change in the conditions, as compensation, rights, privileges, or obligations of employment or of intimidating, coercing, or unlawfully influencing others from remaining in or from assuming such public employment *is on strike, provided that such notice that he is on strike shall be sent,* etc.

Clearly, then, a public employee whose course of conduct comes within the purview of this section is considered on strike. The Legislature used the word *is,* not an expression such as *may be considered to be.*

At this juncture, it would seem, a discretionary judgment is presented to the employer, because of the words "providing that," etc. For without the sending of the mandatory notice, the effect of the statute is vitiated (and, perhaps, plaintiffs cause of action would lie in the form of mandamus). Whenever, as in the situation in the city of Toledo on December 27, 28 and 29, 1966, nearly 1,000 city employees are absent, it is apparent the employer must make a decision as to whom to proceed against in the form of a notice in which the employee is advised that he or she is considered to be on strike.

On December 29, 1966, the defendant Backstrom, in his official capacity as city manager, forwarded to an estimated 350 persons, from lists submitted to him by divisional supervisors who testified before this court as to absenteeism, notifying said persons that they were considered to be on strike and in violation of Section 4117.02, Revised Code. Said notice was sent pursuant to Section 4117.04, Revised Code.

On January 3, 1967, the defendant-Backstrom, in his official

capacity as city manager, sent, presumably, to the same persons notified on December 29, 1966 of their status, a notice that he or she was being permitted to return to work on a provisional basis under certain conditions, to wit: (1) the employee was to be paid his or her same rate as he or she received prior to January 1, 1967, pending the final determination of his or her appeal at a hearing before the city manager that he or she was not in violation of the Ferguson Act, and, if found not in violation, he or she would be entitled to the emoluments spelled out in Ordinance 624-66, effective January 1, 1967; (2) permitting the employee to file, prior to midnight, January 16, 1967, an appeal in writing, and offer proof thereon at a hearing set pursuant thereto, that he or she was not in violation of the Ferguson Act. Notification of the time and place of hearing was to be given the employee; (3) that, in addition, appropriate proceedings would be instituted to dock the employee for unexcused absence from work.

The court holds that the defendant did thereby comply with the notice to the employee mandatory under Section 4117.04, Revised Code.

Thereupon, counsel for the defendant-employees, members of Public Employees Local No. 7 filed with the defendant-Backstrom, as city manager, a notice of request to commence proceeding under Section 4117.04, Revised Code, to determine whether or not the persons whose names appeared on a list attached to the request (presumably the entire membership roster of Local No. 7) were considered to be in violation of Sections 4117.01 through 4117.05, Revised Code.

Appeals were timely perfected, and, in some cases, notices of hearing were set. It is apparent that after appeals were perfected, the employer-city, having been satisfied with the reasons given by the employe for his or her absence, once again used its discretion under the statute by notifying, within the 10-day mandatory period, those employees who had not satisfactorily explained their absence, of a time and place for hearing. Quite clearly, the issue of notice has been met and complied with, by both the employer and employees affected. Those notices of hearing date, time and place are yet pending before the administration for determination.

The court finds and holds that the affected public employees did thereby, through counsel, comply with the mandatory re-

quirement on their part to request a hearing to determine whether or not he or she was in violation of Sections 4117.01 through 4117.05, Revised Code.

On January 6, 1967, presumably in response to the request of those persons those names appeared on the list attached to intervening-defendants request to commence hearings, the defendant-Backstrom, as city manager, sent notices to a number of the defendant-employees setting a definite time for a hearing on his or her appeal.

The public employer thereby complied with the mandatory requirement set forth in Section 4117.04, Revised Code, that the employer shall, within ten days, commence a proceeding for the determination of whether such sections have been violated by the public employee.

The court finds and holds that the mailing of notices setting a definite time and place for the hearing constitutes a commencement of the proceeding.

Enter the Labor-Management-Citizens Committee. This committee is a quasi-public body instituted for the purpose of mediation, fact finding and arbitration with respect to disputes between management and labor for the purpose of providing industrial peace within the community, and has, in its illustrious history, been highly successful, contributing much effort which has established an enviable record of industrial tranquility between management and labor in the city of Toledo. Made up of a cross section of successful industrial leaders, prominent labor leaders, respected members of the clergy, distinguished members of the bench and bar, and others, the members of this committee have through unselfish sacrifice of their time, experience, and talent, advised and consulted with participants in many situations affecting labor relations in this community which resulted in peaceful settlements.

The Labor-Management-Citizens Committee met, and after a thorough discussion of the problem, recommended that the city, as the employer, withdraw immediately any and all actions taken invoking the so-called Ferguson Act taken against the public employees, and, further, recommended that the wage and fringe benefit package authorized in Ordinance 624-66, effective January 1, 1967, be placed in effect for all city employees immediately, except that the increases set forth in said ordinance

148

for the employees against whom proceedings had been instituted pursuant to the Ferguson Act be placed in escrow pending the outcome of this litigation.

The city Council of Toledo met on January 9, 1967, accepted the recommendation of the Labor-Management-Citizens Committee and passed, as an emergency measure, by a vote of 9-0, Ordinance No. 3-67, which provides as follows:

Ordinance No. 3-67

Providing for approval of the Labor Management Citizens' Committee panel for settlement of the work stoppage which occurred on December 27, 28, 29 and 30, 1966 of certain city employees, withdrawing all actions taken by invoking the Ferguson Act in said dispute and declaring an emergency.

Whereas, the Labor Management Citizens' Committee was instituted for the purpose of mediation, fact finding and arbitration with respect to disputes between management and labor for the purpose of providing industrial peace within the community; and

Whereas, a work stoppage occurred on December 27, 28, 29 and 30, 1966; and

Whereas, pursuant thereto, notices were sent to certain employees as provided by Chapter 4117, Revised Code of Ohio, otherwise known as the Ferguson Act; and

Whereas, the committee panel of the Labor Management Citizens' Committee, after thorough review of the problem, has recommended that the city withdraw immediately any and all actions taken invoking the Ferguson Act in said labor dispute and that the wage and fringe benefit package as instituted by Council and made effective January 1, 1967, be placed into effect for all City employees immediately except that the increases set forth therein for the employees to whom notices were sent pursuant to Chapter 4117, Ohio Revised Code, be placed in escrow pending the outcome of pending litigation and excusing those employees who were on vacation, sick leave or otherwise excused from work; and

Whereas, it is of the greatest public importance that all matters with respect to said work stoppage be resolved at the earliest possible time because of the dangers resulting therefrom to the public safety, health and welfare and that it is the obligation of the Council to provide for the immediate preservation of the public peace, property, health and safety; now, therefore,

Be it ordained by the Council of the city of Toledo:

Section 1.   That the City of Toledo shall withdraw any and all actions taken and in force invoking the Ferguson Act in the present City employees' dispute.

Section 2.   That the wage and fringe benefit package as instituted by a previous majority vote of Council and made effective January 1, 1967, be placed into effect for all City employees immediately; provided, however, that the increases set forth therein be placed in escrow as to those employees to whom notices were sent, excluding however, those employees who were on vacation, sick leave or were otherwise excused from reporting for work.

Section 3.   That the funds so placed in escrow shall be held until the final determination of all pending litigation now instituted or which may be instituted as a result of said work stoppage.

Section 4.   That this ordinance is hereby declared to be an emergency measure and shall take effect and be in force from and after its passage.   The reason for the emergency lies in the dangers resulting to the public health, safety and welfare and that it is necessary for the immediate preservation of public peace, property, health and safety.

Vote on emergency clause:  Yeas 9, Nays 0.

Passed: January 9, 1967, as an emergency measure: Yeas 9, Nays 0.

John W. Potter,
Mayor

Attest:   C. F. Diefenbach
Clerk of Council

I hereby certify that the above is a true and correct copy of an ordinance passed by Council, January 9, 1967.

Attest:——————————————
Clerk of Council

City Manager
Law
Finance
Auditor
1-10-67

Whereupon, the defendant-Backstrom, as city manager, ostensibly acting pursuant to the ordinance enacted the day prior, did, on January 10, 1967, mail notices to those employees to

whom notice had been sent fixing a date, time, and place for a hearing on their request, informing them that they were to disregard the prior notice of hearing for the present time.

In this state of limbo, the matter of petitioner's motion was submitted to the court.

The determination of this matter turns upon the answer to several issues. The first issue, the question of whether or not a strike by public employees against the public employer for the purposes spelled out in Section 4117.01, Revised Code, has been, and is in effect, is answered in the affirmative.

The second issue is posed in the question of whether or not the mandatory provisions of Section 4117.04, Revised Code, with reference to notice to the individual employees, request for a hearing by the employee, and the commencement of a hearing by notice to the employee by the employer have been met. Counsel for the plaintiff argues that the requirement that a notice by the employer be sent is not necessary, and that when a public employee strikes, his employment is automatically terminated. His strongest argument relied upon is the preamble to Senate Bill 261 (Ferguson Act), Volume 122 Senate Reports, 261, which states: "To provide disciplinary action in cases of strike by persons employed by the State of Ohio or any political subdivision thereof, or in any other branch of the public service." He argues that this preamble clearly states the intent and purpose of the State Legislature in the passage of this act. Counsel should be well aware of the fact that the title and preamble of a bill are not part of the enacted statute, anymore so than the syllabus of a reported case decision is considered the law of the case.

The Legislature is most careful in the use of the words "shall" or "may." In Section 4117.04, Revised Code, the Legislature chose to use the word "shall" in requiring the employer to give notice to the employee.

Counsel for plaintiff further relies on the statute of the state of New York, found in 9 Consolidated Laws of New York Annotated, Section 108 (1-6), (Condon-Wadlin Act), and the experience of the application of that law in the case of *Pruzan* v. *Board of Education* (1960), 209 N. Y. S. 2d 966, a suit for a declaratory judgment testing the constitutionality of the New York statute. An examination of the New York statute reveals

that there is no mandatory requirement that notices must be sent to the interested parties by each other, thus distinguishing the New York statute from the Ohio statute. Presumably, then, the New York statute is self-executing. This court does not so interpret the Ohio law.

In the case at bar, however, it is not necessary for plaintiff's counsel to argue the point, inasmuch as the mandatory requirements were met by the affected parties.

Clearly, in this court's opinion, the discretion to determine whether or not a strike has occurred, who was involved, and for what purpose, is left entirely within the discretion of the public employer. It is the prerogative of a body politic to proceed, if it so chooses, to invoke, or to disregard the relief affordable to it under the provisions of Sections 4117.01 through 4117.05, Revised Code.

The third issue to be decided is whether or not the public-employer, city of Toledo, may, having determined that a strike existed on the part of certain of its employees for the purposes enunciated under the statute, and having notified the employees of their considered status, having received a notice of appeal from certain employees, and having decided to proceed against those who had not explained away their absences, by way of notice to the employee of a date, time, and place of hearing on their appeal, pass an ordinance which in effect recalls all the procedural steps taken by it, grant an increase in salary and other fringe benefits to those who may or may not be entitled to those benefits, depending on the outcome of the appeal of each individual case yet pending.

This court holds that it may not. Having, in its discretion, made the decision to proceed under the Ferguson Act, and all of the mandatory provisions of the statute having been complied with, the defendants herein may not in their capacities as elected and appointed officials, scuttle their obligation to protect the interest of their employers, the taxpayers of the city of Toledo.

Perhaps all too much discretion lies in the hands of the public employer; it has the power, in this court's opinion, to declare a strike to be in progress, to put into operation the Ferguson Act upon the forwarding of notices, and upon hearing, to adjudicate the issues and determine an employee's status; the

prerogative to amend or clarify the existing statute rests with the Legislature.

There is no question in the mind of the court that the state of Ohio, in enacting Sections 4117.01 through 4117.05, Revised Code, has acted upon the subject of public employee strikes, and there being no exception thereto or provision whereby the separate political subdivisions may legislate thereon, any legislation, such as Ordinance No. 3-67 of the city of Toledo, which is deemed to be contrary to and in contravention of the state statute, is void.

The fourth issue presented is whether or not, should plaintiff's motion for a temporary or permanent injunction be denied, and the defendants not be enjoined from paying to the employees the pay raises and other benefits provided for in Ordinance No. 624-66, an ultimate decision in plaintiff's favor would be ineffectual in that recovery of the monies paid to numerous employees would be impossible without the necessity of a multiplicity of suits. The law of practicality weighs heavily in plaintiff's favor on this issue.

For the reasons above stated, the motion of the plaintiff for both a temporary and a permanent injunction as prayed for is granted, and the defendants in their official capacities are enjoined from paying any form of remuneration not in effect for each affected individual employee prior to December 26, 1966, and to whom a notice was sent that he or she was considered to be on strike and in violation of the so-called Ferguson Act, who appealed said notice, and who was notified of a date, time, and place of hearing, until such time as a final and favorable (to such employee) decision has been made upon hearing by the public employer.