ADKINS *v.* MYERS.

[Cite as Adkins v. Myers, 15 Ohio Misc. 91.]

(No. 232646—Decided April 18, 1968.)

Common Pleas Court of Franklin County.

*Messrs. Clayman, Jaffy & Taylor,* for appellants.
*Mr. Rankin Gibson,* special counsel, *Mr. C. Howard Johnson,* county prosecutor, and *Mr. Tommy Lee Thompson,* for appellees.

SHOEMAKER, J. This appeal comes to this court under Chapter 2506, Revised Code, from a decision of the Board of Franklin County Commissioners dismissing certain public employees (including appellants) for engaging in an unlawful strike in violation of Chapter 4117, Revised Code (so-called Ferguson Act).

Appellants claim that the decision of the commissioners is not in accordance with law and is unconstitutional as violating both the federal and state Constitutions, and is not supported by reliable, probative and substantial evi-

dence, is arbitrary, capricious, unreasonable, and on the ground that the County Commissioners had no jurisdiction to hear and determine this matter.

Chapter 4117, Revised Code (the so-called Ferguson Act), reads in part as follows:

"Section 4117.01—Definitions.

"As used in Sections 4117.01 to 4117.05, inclusive, of the Revised Code:

"(A) 'Strike' means the failure to report for duty, the willful absence from one's position, the stoppage of work, or the abstinence in whole or in part from the full, faithful, and proper performance of the duties of employment, for the purpose of inducing, influencing, or coercing a change in the conditions, compensation, rights, privileges, or obligations of employment, or of intimidating, coercing, or unlawfully influencing others from remaining in or from assuming such public employment. Such sections do not limit, impair, or affect the right of any public employee to the expression or communication of a view, grievance, complaint, or opinion on any matter relating to the conditions or compensation of public employment or their betterment, so long as such expression or communication is not designed to and does not interfere with the full, faithful, and proper performance of the duties of employment.

"(B) 'Public employee' means any person holding a position by appointment or employment in the government of this state, or any municipal corporation, county, township, or other political subdivision of this state, or in the public school service, or any public or special district, or in the service of any authority, commission, or board, or in any other branch of the public service."

"Section 4117.02. Strike by public employees prohibited.

"No public employee shall strike.

"No person exercising any authority, supervision, or direction over any public employee shall have the power to authorize, approve, or consent to a strike by one or more public employees, and such person shall not authorize, approve, or consent to such strike."

``* * *

"Section 4117.04. Strike defined.

"Any public employee who, without the approvial of his superior, unlawfully fails to report for duty, absents himself from his position, or abstains in whole or in part from full, faithful, and proper performance of his position for the purpose of inducing, influencing, or coercing a change in the conditions, as compensation, rights, privileges, or obligations of employment or of intimidating, coercing, or unlawfully influencing others from remaining in or from assuming such public employment is on strike, provided that notice that he is on strike shall be sent to such employee by his superior by mail addressed to his residence as set forth in his employment record. Such employee, upon request, shall be entitled to establish that he did not violate Sections 4117.01 to 4117.05, inclusive, of the Revised Code. Such request must be filed in writing, with the officer or body having power to remove such employee, within ten days after regular compensation of such employee has ceased. In the event of such request such officer or body shall within ten days commence a proceeding for the determination of whether such sections have been violated by such public employee, in accordance with the law and regulations appropriate to a proceeding to remove such public employee. Such proceedings shall be undertaken without unnecessary delay."

"Section 4117.05. Termination of employment.

"Any public employee who violates Sections 4117.01 to 4117.05, inclusive, of the Revised Code, shall thereby be considered to have abandoned and terminated his appointment or employment and shall no longer hold such position, or be entitled to any of the rights or emoluments thereof, except if appointed or reappointed."

Section 4117.01, Revised Code, is definitive. Subsection (A) defines what a "strike" means, while sub-section (B) defines a "public employee."

Section 4117.02, Revised Code, prohibits strikes by public employees and forbids the authorization or consent by any authority. Incidentally, the decision of Judge Gesse-

man enjoining this strike previously was based solely on Sections 4117.01 and 4117.02. The contempt findings of Judge Mayer were based solely on a violation of Judge Gessaman's decision. However, my responsibility is to make a judicial determination on Chapter 4117, including Sections 4117.04 and 4117.05, Revised Code.

The primary rule in the construction of statutes is to arrive at the intention of the Legislature. In 50 Ohio Jurisprudence 2d, page 132, it states:

"The courts may not read meaning into an act but on the contrary must bring meaning out of it. They have no legislative authority and should avoid judicial legislation. It is their province to construe, or interpret, and not to make the law."

Appellants claim that the word "superior" as used in Section 4117.04, Revised Code, means only the Superintendent of the Franklin County Home and Alum Crest. Therefore, it was the responsibility of the superintendent to hold the hearing set forth in Section 4117.04, Revised Code. The hearing, in fact, was held by the Board of County Commissoners, and appellants claim without jurisdiction.

The statute does not define the word "superior." In Bouvier's Law Dictionary Unabridged (1914) the word "superior" is defined as follows:

"One who has a right to command."

Chapter 5155, Revised Code, deals with the county homes and a reading of that chapter makes it clear to this court that the Board of County Commissioners is a superior to the superintendent and employees thereof, with power to hire and discharge employees. For example, Section 5155.03, Revised Code, gives authority to the Board of County Commissioners to appoint the superintendent and compel him to perform such duties as the said board imposes upon him.

In *Markowski, a Taxpayer, v. Backstrom, City Manager, et al.*, 10 Ohio Misc. 139, the City Manager handled the hearing required under Section 4117.04, Revised Code, as the "superior," even though the striking employees undoubtedly had other supervisors. I do not believe the Leg-

islature intended to so limit the word "superior" as used in Section 4117.04, Revised Code.

Appellants claim that they were not on strike as that word is defined in Section 4117.01(A), Revised Code. This court finds that the conclusion of the Board of County Commissioners that appellants were engaged in such a strike is supported by reliable, probative and substantial evidence.

Appellants claim that the so-called Ferguson Act is unconstitutional and therefore the action taken thereunder is illegal and void and the employees are entitled to be reinstated. They claim said act is a violation of free speech, violates procedural due process and is unconstitutionally vague.

The responsibility of the court is not to substitute its opinion for the judgment of the Legislature as to the wisdom of such a law. In *State ex rel.* v. *Brown,* 1 Ohio St. 2d 121, the court said:

"Of course, the wisdom of legislation is not subject to judicial inquiry and legislative enactments are *presumptively constitutional.*" (Emphasis supplied.)

Therefore, the Legislature of this state in Chapter 4117, Revised Code, states a lawful declaration of the public policy of the state of Ohio prohibiting strikes by public employees and I cannot say this is a violation of free speech.

Chapter 4117, Revised Code, provides a forum whereby an employee shall be entitled to establish he did not strike even though he fails to report for duty without the approval of his superior. I do not think it is particularly wise to have the same person or body both notify the employee that he is discharged and then have the same person or body hold the hearing, but I cannot say this is a violation of procedural due process.

The statute is clear that public employees are prohibited from striking. The wording of Section 4711.04, Revised Code, as to procedural process to be followed as to notice and hearing could be improved. However, I cannot find that the statute is so vague as to be unconstitutional.

The court concludes that the decision of the Board of Franklin County Commissioners here in question is not

unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable and probative evidence on the whole record.

This court hereby affirms the decision of the Board of Franklin County Commissioners.

*Decision affirmed.*