ABBOTT ET AL., APPELLANTS, *v.* MYERS ET AL., APPELLEES.
COHEN ET AL., APPELLANTS, *v.* MYERS ET AL., APPELLEES.
FLEMING, APPELLANT, *v.* MYERS ET AL., APPELLEES.
ADKINS ET AL., APPELLANTS, *v.* MYERS ET AL., APPELLEES.

[Cite as Abbott v. Myers, 20 Ohio App. 2d 65.]

66

(Nos. 9165, 9166, 9167 and 9168—Decided March 18, 1969.)

*Messrs. Clayman, Jaffy & Taylor*, for appellants.

*Mr. C. Howard Johnson*, prosecuting attorney, *Mr. Tommy L. Thompson* and *Mr. Rankin M. Gibson*, for appellees.

GUERNSEY, J. Each of these appeals, which were consolidated for hearing in this court, originated as a proceeding before the Board of County Commissioners of Franklin County under the provisions of Section 4117.04, Revised Code, to establish whether certain county employees were on strike contrary to Chapter 4117, Revised Code, known as the Ferguson Act. In each case the proceeding before the board resulted in the adoption of a resolution finding that the employees had been on strike in violation of Chapter 4117, Revised Code. Upon appeal to the Court of Common Pleas under the provisions of Chapter 2506, Revised Code, that court, in each case, found that the decision of the board was not unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable and probative evidence on the whole record and affirmed same. It is from each of these judgments of affirmance that appeal has now been perfected to this court.

The following facts are pertinent to the issues raised by these appeals:

(a) Case No. 9165 involves 56 employees of the Franklin County Welfare Department.

(b) Case No. 9166 involves 10 employees of the Franklin County Welfare Department.

(c) Case No. 9167 involves only Michael D. Fleming, an employee of the Franklin County Welfare Department.

(d) Case No. 9168 involves 61 employees of the Franklin County Home and Alum Crest Hospital.

(e) The Franklin County Welfare Department is operated under Welfare Director Thomas Brittenham and the Franklin County Home and Alum Crest Hospital are operated under County Home Superintendent Erwin A. Petzinger,

(f) In all cases except case No. 9167 resolutions before hearing finding the employees on strike and removing their names from the payroll and in all cases resolutions after hearing affirming the finding that they were on strike were adopted by the board of county commissioners. In case No. 9167 the board of county commissioners did not initially act by resolution.

(g) In case No. 9165 and case No. 9166, notice that the employees were on strike was given to them by the board of county commissioners without the director of welfare joining in the notice.

(h) In case No. 9167, notice that he was on strike and removed from the payroll was given to employee Fleming by the board of county commissioners and Director of Welfare Brittenham.

(i) In case No. 9168, notice that the employees were on strike was given to them by the board of county commissioners and Superintendent Petzinger.

(j) In case No. 9165 and case No. 9166, the request of the affected employees for hearing was addressed to the board of county commissioners.

(k) In case No. 9166 the request of Fleming for hearing was addressed to the board of county commissioners and the director of welfare.

(l) In case No. 9168 the request of the affected employees for hearing was addressed to the board of county commissioners and Superintendent Petzinger.

(m) In all cases the board of county commissioners conducted the hearing proceedings without the participation of Director of Welfare Brittenham or Superintendent Petzinger, although it appears that Superintendent Petzinger was present at the hearing conducted in case No. 9168.

(n) In case No. 9165, case No. 9166 and case No. 9168, all employees were absent from work at all times when they were regularly scheduled for work from a specified beginning date to and including the dates of the hearings and had absented themselves from work:

(1) In protest over discharge of Michael Fleming,

President of Local 1478, American Federation of State, County and Municipal Workers; and

(2) To protest over refusal of the Board of County Commissioners of Franklin County to recognize Local 1478 as the bargaining representative at the Franklin County Home and Alum Crest Hospital.

(o) In case No. 9167 Fleming "was absent from work at the Franklin County Welfare Department for the purpose of obtaining recognition by the board of county commissioners and the Superintendent of the Franklin County Home and Alum Crest Hospital of Local 1478, American Federation of State, County and Municipal Employees which he heads as president as bargaining representative for the employees of the Franklin County Home and Alum Crest Hospital."

In all cases the contentions of the appellants involve the application of pertinent provisions of Section 4117.04, Revised Code, which reads as follows:

"Any public employee who, without the approval of his superior, unlawfully fails to report for duty, absents himself from his position, or abstains in whole or in part from full, faithful, and proper performance of his position for the purpose of inducing, influencing, or coercing a change in the conditions, as [sic] compensation, rights, privileges, or obligations of employment or of intimidating, coercing, or unlawfully influencing others from remaining in or from assuming such public employment is on strike, *provided that notice that he is on strike shall be sent to such employee by his superior* by mail addressed to his residence as set forth in his employment record. Such employee, upon request, shall be entitled to establish that he did not violate Sections 4117.01 to 4117.05, inclusive, of the Revised Code. Such request must be filed in writing, *with the officer or body having power to remove such employee,* within ten days after regular compensation of such employee has ceased. In the event of such request *such officer or body shall* within ten days *commence a proceeding for the determination of whether such sections have been violated* by such public employee, in accordance with

the law and regulations appropriate to a proceeding to remove such public employee. Such proceedings shall be undertaken without unnecessary delay." (Emphasis added.)

The employees in case number 9165 and case number 9166, being employees of the county welfare department, claim that the board of county commissioners, which gave them notice that they were on strike, was not their "superior" and that the only one who could effectively give them such notice would be Welfare Director Brittenham.

Although the Ferguson Act is identical in most provisions with similar acts of the state of Michigan and the state of Pennsylvania and an act of the state of New York, since repealed, examination of these acts reveals that they do not and have not contained any similar provision as to written notice by a "superior." Webster's Third New International Dictionary, Unabridged, defines "superior," in the context here used as "one who is above another in rank, station or office." Section 329.02, Revised Code, provides, among other things, that, *"under the control and direction of the board of county commissioners,* the county director of welfare shall have full charge of the county department of welfare," (emphasis added) and that "the director, *with the approval of the board of county commissioners,* shall appoint all necessary assistants, superintendents of institutions under the jurisdiction of the department, and all other employees of the department, excepting that the superintendent of each such institution shall appoint all employees therein." (Emphasis added.)

It is quite obvious from these provisions that, in relation to the appointment (and removal) of employees, the welfare director is superior to the employees of the welfare department and that the board of county commissioners is, in turn, superior to both the director and the employees of the welfare department. Without reference to the necessity of or to the effect of the notice prescribed by Section 4117.04, the board of county commissioners, in our opinion, was in the position of a "superior" referred to in the statute and authorized to give notice to the employees

of the welfare department that they were on strike. If the Legislature had intended that this authority be confined solely to the welfare director it could readily have accomplished same by providing in the statute that the notice be given by the "immediate superior" of the employee.

The appellants in all four cases then contend that the board of county commissioners was not the "officer or body having power to remove" them from their employment and thus was not authorized under the provisions of Section 4117.04, Revised Code, to conduct the proceeding for the determination of whether the Ferguson Act had been violated.

With relation to the welfare department employees, the same provisions of Section 329.02, Revised Code, hereinbefore referred to give the board of county commissioners and the welfare director reciprocal rights and responsibilities with relation to the appointment and removal of employees. Although the director has power to appoint, and thus to remove, employees, his authority is restricted in that it may be exercised only with the approval of the board. Likewise any implied authority that the board of county commissioners might have to appoint or remove would have to be carried out through the director under the provision that he shall have full charge of the county department of welfare "under the control and direction of the board of county commissioners." It is inconceivable that the Legislature would intend that the board and the director act in concert and as equals in conducting a hearing as the "officer or body having power to remove such employee." Since the director is subject to "the control and direction of the board of county commissioners," and his appointment and removal of employees must be "with the approval of the board of county commissioners," we conclude that the Legislature intended that the board of county commissioners is, for the purposes of conducting the proceeding prescribed by Section 4117.04, Revised Code, the body having the power to remove an employee of the department of welfare. On this basis the hearings pertaining to cases numbers 9165, 9166 and 9167

were conducted by the proper authority. It should be additionally noted that in the first two of these cases the request to conduct a hearing was made by the employees to the board of county commissioners and they would, for such reason, also be estopped from now denying the authority of that board to conduct the proceeding.

As the operation of the county home and the county home hospital is not within the categories set forth in Sections 329.04 and 329.05, Revised Code, as being subject to the control of the county welfare department, Section 329.02 does not govern the appointment and removal of employees of such institutions. Such appointment and removal is governed, instead, by the appropriate provisions of Chapter 5155, Revised Code. Section 5155.01, Revised Code, provides generally that the board of county commissioners "shall prescribe rules and regulations for the management and good government of such home," and may employ "necessary personnel, at rates of wages to be fixed by the board of county commissioners." Section 5155.03, Revised Code, provides that "the board of county commissioners shall appoint a superintendent" who "shall perform such duties as the board imposes upon him, and shall be governed in all respects by its rules and regulations." Under these provisions the board is empowered to control the appointment and removal of employees and is the proper board to conduct the proceeding prescribed by Section 4117.04, Revised Code.

Appellants next contend that there is no evidence to support the finding of the Board of County Commissioners because there is no evidence that the employees were on strike, as defined and prohibited by the Ferguson Act.

In Section 4117.01, Revised Code, "strike" is defined as meaning "the failure to report for duty, the willful absence from one's position, the stoppage of work, or the abstinence in whole or in part from the full, faithful, and proper performance of the duties of employment, for the purpose of inducing, influencing, or coercing a change in the conditions, compensation, rights, privileges, or obligations of employment, or of intimidating, coercing, or unlaw-

fully influencing others from remaining in or from assuming such public employment." The stipulations support the conclusion of the board of county commissioners, affirmed by the Common Pleas Court, of the requisite willful absence from work. The issue remains whether the absence was for a purpose proscribed by the statute. With respect to all involved employees, except Fleming, it was stipulated that the absence was for the purpose of (1) protesting the discharge of Fleming and (2) protesting the refusal of the board of county commissioners to recognize the union local as the bargaining representative at the Franklin County Home and Alum Crest Hospital. With respect to Fleming it was stipulated that his absence was for the purpose of obtaining recognition by the board and the Superintendent of the Franklin County Home and the Alum Crest Hospital of the union local, which he heads as president, as bargaining representative for the employees of the Franklin County Home and Alum Crest Hospital.

Without reference to any other activity of the affected employees of the Franklin County Home and Alum Crest Hospital, it is obvious that their protest over the refusal to recognize the local as their bargaining representative was for the purpose of inducing, influencing, or coercing the board to recognize the local, and that the granting of recognition would constitute a change in the conditions, rights, privileges and obligations of their employment by permitting collective rather than individual bargaining.

As to the employees of the county welfare department, the records in their individual cases do not show that the protest as to recognition of a bargaining representative had anything to do with their own employment, but merely that they were acting in sympathy with the employees in behalf of the union or in sympathy with the employees of the Franklin County Home and Alum Crest Hospital. Had the records in their cases shown them to be members of the local, so that the inference would arise that their own bargaining position would be bettered, an impact on their own employment would then appear. Although the in-

dividual records also show that some of these employees picketed and carried signs, the nature of the picketing and the character of the signs do not sufficiently appear to raise an inference that same was being done to intimidate, coerce, or unlawfully influence others from remaining in or from assuming public employment. However, there is still evidence in the records to support the conclusion that these employees were participating in a prohibited strike affecting their own employment, and that consists of the stipulation that their absence from work was for the purpose of protesting the discharge of Fleming. Fleming was an employee of the Franklin County Welfare Department and a co-employee of the other affected employees of that department. Protest of his discharge would be, of necessity, for the purpose of inducing, influencing, or coercing his re-employment and, thus, of bringing about a change in the conditions of the employment of all the workers of the welfare department.

Are we limited, however, to a construction of Chapter 4117 that if the purpose of absence from one's position is to induce, influence, or coerce "a change in the conditions, compensation, rights, privileges, or obligations of employment," the employment involved must be solely the employment of the striker? We do not believe so. An equally prohibited purpose is that "of intimidating, coercing, or unlawfully influencing others from remaining in or from assuming such *public employment.*" (Emphasis added.) Such latter activity might never have any bearing, effect or result, on the individual position or employment of the striker. We do not think that the Legislature intended that the employment first referred to should be any more limited in its definition, and that the word "employment" there used has reference to public employment, whether it be the employment of the striker or of some other public employee. Thus, a strike by the welfare department employees in behalf of a union or in sympathy with the employees of the county home and county home hospital and for the purpose of inducing, influencing, or coercing a change in the conditions, compensation, rights,

privileges, or obligations of the employment of the latter employees is equally within the prohibitions of Chapter 4117 as is a strike involving solely the employment of the striker.

The record of the proceedings before the board of county commissioners as to Fleming shows that he was held in contempt of court in Common Pleas Court case No. 232,222 but does not show what act or acts were committed by him upon which the finding of contempt was based. The sole remaining evidence in the record as to any activity by him bringing him within the Ferguson Act is the stipulation that he absented himself from work for the purpose of obtaining recognition by the board of county commissioners and the Superintendent of the Franklin County Home and the Alum Crest Hospital of Local 1478, which he heads as president, as bargaining representative for the employees of the Franklin County Home and Alum Crest Hospital. Thus, his absence was for the purpose of inducing, influencing, or coercing a change in the conditions of public employment of such employees and was within the prohibitions of the Ferguson Act.

We conclude that in each of the four proceedings the conclusion of the board of county commissioners that appellants were engaged in a prohibited strike is supported by reliable, probative and substantial evidence.

Appellants next contend that the Ferguson Act is unconstitutional, violating the requirements of free speech, procedural due process, definiteness, constituting a bill of attainder, and vesting judicial power in an officer or a body having no authority to exercise judicial power. We have considered each and every claim of the appellants under this assignment of error, have examined all the cases in Ohio dealing with the Act, and have examined most of the cases from Michigan, New York and Pennsylvania upholding the constitutionality of almost identical acts. We find that the Ferguson Act is constitutional both under the Ohio Constitution and the Constitution of the United States.

Appellants' final contention is that, with respect to

Michael Fleming, the board of county commissioners did not adopt a resolution of "removal" and that in the absence of same his "removal" is void. Examination of Section 4117.04, Revised Code, shows that such statute does not require an initial formal finding by any person or body that a public employee is on strike. If the employee meets the criteria set forth in that section he is on strike by operation of law. It is required that his superior send him notice that he is on strike, and that was done here with respect to Fleming by a letter signed by the board of county commissioners and by Welfare Director Brittenham. The contention is without merit.

As we have found no error in any of the particulars assigned and argued, the respective judgments of the Common Pleas Court affirming the respective decisions of the board of county commissioners are affirmed.

*Judgments affirmed.*

TROOP, J., concurs.

DUFFY, P. J., dissenting. It is apparent from a recitation of the facts in these cases that there can be only one "superior" under the law. I do not believe that the Board of County Commissioners is the "superior" of the employees of the Franklin County Welfare Department or of the Franklin County Home or County Home Hospital.

It should be noted that under Section 4117.04, Revised Code, the failure to report, or the absence, must be "without the approval of his superior" before the public employee is on strike. There is nothing in the record of this case to show the intention of the welfare director. He did not sign or send the notice in case No. 9165 or No. 9166 that they were on strike. He did not participate in the hearing required under Section 4117.04, Revised Code.

The powers and duties of the county welfare director are as set out in Section 329.02, Revised Code. The pertinent parts are quoted in the opinion of the majority. Emphasis should be on "the county director of welfare shall

have *full charge* of the county department of welfare."
(Emphasis ours.) Also, "The director * * * shall appoint
all necessary assistants * * *." It should be noted that
this department was created by the Legislature, not the
board of county commissioners. Section 329.01, Revised
Code.

In the hiring or firing of an employee of the county
welfare department, such can only be done with the ap-
proval of the county commissioners, but the initiation of
the hiring or firing must be by the director. Surely the
county commissioners do not have any power other than
that of approval or disapproval. To permit the board of
county commissioners to interfere with the operation of
such a department was not the intent of the Legislature.
See opinions of Attorney General (1966) No. 66-186, also
(1963) No. 620, and (1958) No. 1978.

Since the welfare director did not send notices or
participate in the hearing of the board of county commis-
sioners, I would reverse the judgment of the Common Pleas
Court and hold the action of the county commissioners a
nullity in cases numbers 9165 and 9166.

In cases numbers 9167 and 9168, there was no hearing
held by the director of welfare or the superintendent of the
county home, although notices required by Section 4117.04,
Revised Code, were sent. Those cases should be remanded
for a hearing in compliance with Chapter 4117. See
*Markowski* v. *Backstrom*, 10 Ohio Misc. 139.

GUERNSEY, J., of the Third Appellate District, sitting
by designation in the Tenth Appellate District.