JOURNAL ENTRY AND OPINION
Appellant, Cuyahoga County Board of Commissioners, is appealing the trial court's denial of its motion for judgment on the pleadings. For the following reasons, we affirm.
The complaint of appellee-plaintiff, Mildred Kardos,[1]
alleged as follows: She was a patient at MetroHealth Center for Skilled Nursing. The employees of MetroHealth improperly set the temperature of the bath, improperly transferred her into a bath, and failed to monitor her. As a result, appellee was burned and seriously injured. An amended complaint was filed to substitute Cuyahoga County Board of Commissioners ("Board") for MetroHealth. The Board owned and operated the nursing home at the time of the injuries.
Appellant, Cuyahoga County Board of Commissioners, moved to dismiss on grounds of sovereign immunity. The motion was denied.
 I.
Appellant's first assignment of error states:
 THE TRIAL COURT ERRED IN OVERRULING THE CUYAHOGA COUNTY BOARD OF COMMISSIONER'S MOTION FOR JUDGMENT ON THE PLEADINGS WHICH ASSERTED SOVEREIGN IMMUNITY PURSUANT TO R.C. 2744 AS A COMPLETE BAR TO PLAINTIFF'S CLAIM.
In order for a court to dismiss a complaint for failure to state a claim upon which relief can be granted, it must appear beyond a doubt from the complaint that the plaintiff can prove no set of facts entithng him to recovery. Mitchell v. Lawson MilkCo. (1988), 40 Ohio St.3d 190, 192. Appellant contends that as a political subdivision, it was not liable for the negligent performance of government functions. See R.C. 2744.02 (B) (2).
R.C. 2744.01 (C) (1) states:
 "Governmental function" means a function of a political subdivision that is specified in division (C) (2) of this section or that satisfies any of the following:
 (a) A function that is imposed upon the state as an obligation of sovereignty and that is performed by a political subdivision voluntarily or pursuant to legislative requirement;
 (b) A function that is for the common good of all citizens of the state;
 (c) A function that promotes or preserves the public peace, health, safety, or welfare; that involves activities that are not engaged in or not customarily engaged in by nongovernmental persons; and that is not specified in division (G) (2) of this section as a proprietary function.
If the function does not meet (a), (b) or (c), above, and is not specified in R.C. 2744.01 (C) (2), it is a proprietary function. See Hackathorn v. Springfield Local School Dist. Ed. of Edn.
(1994), 94 Ohio App.3d 319, 324.
The government is not required to operate a county home as an obligation of sovereignty. See Seran v. Biddle (1949), 86 Ohio App. 1; O.A.G. 87-034; see R.C. 307.01 (A); Blum v. Yaretsky,
(1982), 457 U.S. 991, 1012, 102 S.Ct. 2777, 2789, 73 L.Ed.2d 534. The nursing home services benefit only a segment of the population, not the state as a whole. See generally Blankenshipv. Enright, (1990), 67 Ohio App.3d 303, 311, citing Hack v. Cityof Salem (1963), 174 Ohio St. 383, Broughton v. Cleveland
(1957), 167 Ohio St. 29. A nursing home involves activities customarily engaged in by non-government employees. As none of the requirements of R.C. 2744.01 (C) (1) are met, the nursing home can only be a government function if it falls under R.C. 2744.01
(C) (2).
R.C. 2744.01 (C) (2) (in) states that a government function includes, but is not limited to,
 The operation of a human services department or agency, including, but not limited to, the provision of assistance to aged and infirm persons and to persons who are indigent.
Appellant states that the administrator of the nursing home was responsible to the Cuyahoga County Department of Senior and Adult Services, so the nursing home was a part of the Department of Human Services. Appellee asserts that the operation of a human services department or agency does not include operation of a nursing home.
Whether the operation of a nursing home was essential to the operation of the Department of Human Services can be determined by examining the duties imposed on the Department of Human Services in the Ohio Revised Code. See Colling v. Franklin Cty.Children Serv. (1993), 89 Ohio App.3d 245. The county home is controlled by the Board of County Commissioners, not the Department of Human Services. See Abbott v. Myers (1969), 20 Ohio App.2d 65, R.C. 5155.01 et. seq. The operation of a county home is not within the categories of R.C. 329.04 and 329.05, which statutes list the duties of the Department of Human Services. See Id. The Revised Code does not indicate that operation of a nursing home is a duty of the Department of Human Services. When the legislature enacted R.C. 2744.01 (C) (2) (in), it did not contemplate immunity for the operation of a nursing home.
Additionally, operation of mental health facilities, alcohol treatment centers and children's center were explicitly designated a government function. R.C. 2744.01 (C) (2) (o). If the legislature intended nursing homes to be designated a government function, it would have specifically included such language in the statute. As the operation of a nursing home is a proprietary function, the trial court did not err in denying judgment on the pleadings. R.C. 2744.02 (B) (2).
Even if operation of a nursing home is a government function, appellant may still be liable under R.C. 2744.02 (B) (4). That sec tion provides that political subdivisions are not immune from liability to persons injured by the negligence of their employees and that occurs within or on the grounds of buildings used in connection with the performance of a governmental function. R.C.2744.02 (B) (4). See Hallett v. Stow Bd. of Edn., (1993),89 Ohio App.3d 309, Cater v. City of Cleveland (1998),83 Ohio St.3d 24, 34-35, (Moyer, C.J., concurring). If appellee can prove that the employees improperly set the temperature of the bath due to a physical defect in the water heating system, she can prove a set of facts which entitle her to relief. Thus, the trial court correctly denied judgment on the pleadings in favor of appellant. See Mitchell v. Lawson Milk Co. (1988), 40 Ohio St.3d 190, 192.
Accordingly, this assignment of error is overruled.
 II.
Appellant's second assignment of error states:
 THE TRIAL COURT ERRED IN THAT A NURSING HOME DOES NOT MEET THE STATUTORY DEFINITION OF A HOSPITAL AND ACCORDINGLY, IMMUNITY IS NOT WAIVED UNDER R.C. 2743.
Operation of a hospital is a proprietary function. R.C. 2744.01
(G) (1) (a). This section is not dispositive, because a nursing home has a different statutory definition than a hospital. SeeDrenski v. Sunny Acres Skilled Nursing Facility (Jun. 26, 1980), Cuyahoga App. No. 41419, unreported. As discussed above, the trial court could find that a nursing home was a proprietary function based on R.C. 2744.01 (C).
Accordingly, this assignment of error is overruled.
The decision of the trial court is affirmed.
It is ordered that appellee recover of appellant her costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KILBANE, J., CONCURS.
 KARPINSKI, J., CONCURS (SEE ATTACHED CONCURRING OPINION)
 _________________________ ANN DYKE PRESIDING JUDGE
[1] Mildred Kardos died on February 27, 1999. After the matter was filed in this court, Sara Starling was appointed Executrix of the Estate of Mildred Kardos. We therefore substitute Sara Starling for Mildred Kardos as appellee herein.